UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. L-16- |
| v. | § | |
| | § | |
| THE REAL PROPERTIES AND | § | |
| IMPROVEMENTS LOCATED AT | § | |
| 9710 MCPHERSON ROAD IN | § | |
| LAREDO, TEXAS; | § | |
| 1920 EAST SAUNDERS STREET | § | |
| LAREDO, TEXAS; AND | § | |
| 2331 ENDEAVOR DRIVE, LAREDO, TEXAS, | § | |
| | § | |
| Defendants, | § | |

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM

The United States of America, Plaintiff, files this action for forfeiture *in rem* against the above-entitled real property. The Defendant property located at 1920 East Saunders Street, Laredo, Texas, will be referred to as the "Red Top Property". The Defendant property located at 9710 McPherson Road, Laredo, Texas, will be referred to as the "Flamingo Property". The Defendant Property located at 2331 Endeavor Drive, Laredo, Texas, will be referred to as the "Lucky Panda Property". The United States alleges on information and belief as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The Defendant Properties are located in the Southern District of Texas and is within the jurisdiction of this Court.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b).

## THE DEFENDANT PROPERTY SUBJECT TO FORFEITURE

3. Defendant Red Top is located at 1920 East Saunders Street, Laredo, Texas, together with all improvements, buildings, structures and appurtenances, and is legally described as follows:

> Situated in Webb County, Texas, and being the surface only of Lot Numbered 1-C (One-C), in Block Number 21 (twenty-one), Subdivision plat of Laredo International Airport, City of Laredo, as per replat recorded in Volume 23, Page 10, Webb County Plat Records.

The record owner of the Defendant Red Top is Freeway Connection, Inc.

4. Defendant Flamingo is located at 9710 McPherson Road, Laredo, Texas, together with all improvements, buildings, structures and appurtenances, and is legally described as follows:

> Situated in Webb County, Texas, and being the surface only of Lot Numbered 1-A (One-A) and 1-B (One-B) in Block Number 1 (One), San Isidro/McPherson No. 2 Subdivision, a Subdivision in the City of Laredo, as per replat recorded in Volume 19, Page 4, Webb County Plat Records.

The record owner of the Defendant Flamingo is X and M International, Inc.

5. Defendant Lucky Panda is located at 2331 Endeavor Drive, Laredo, Texas, together with all improvements, buildings, structures and appurtenances, and is legally described as follows:

> Situated in Webb County, Texas and being the surface only of Lot Number One (1), in Block Number Three (3), Jacaman Ranch Subdivision, Unit 7, a Subdivision situated in the city of Laredo, Webb County, Texas and recorded in Plat Volume 22, Pages 90-91, Webb County Plat Records.

The record owner of the Defendant Lucky Panda is La Muralla, Inc.

## STATUTORY BASIS FOR FORFEITURE

6. This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C.] section 1956(c)(7) of this title, or a conspiracy to commit such offense." Title 18 U.S.C. §§ 1955 (operating an illegal gambling business), is a "specified unlawful activity" pursuant to 18 U.S.C. §§1956(c)(7) and 1961(1).

Because 18 USC § 1955(b)(1)(i) requires a violation of the law of a State or political subdivision, it becomes necessary to review the criminal statutes of the state in which the suspected illicit gambling activity occurs. In the State of Texas, Chapter 71.02 of the Texas Penal Code, Engaging in Organized Criminal Activity, makes it a felony if a person commits an offense if, with intent to establish, maintain, or participate in a combination or in the profits of a combination, commits or conspires to commit any gambling offense punishable as a Class A misdemeanor.

Pursuant to Chapter 47.03 of the Texas Penal Code, Gambling Promotion, it is a Class A misdemeanor if a person intentionally or knowingly operates or participates in the earnings of a gambling place, engages in bookmaking, or for gain becomes a custodian of anything of value bet or offered to be bet. Chapter 47.06 of the Texas Penal Code, Possession of Gambling Device, Equipment, or Paraphernalia, makes it a Class A misdemeanor if a person, with the intent to further gambling, knowingly owns, manufactures, transfers, or possesses any gambling device that he knows is designed for gambling purposes or any equipment that he knows is designed as a subassembly or essential part of a gambling device.

The Texas Penal Code defines "gambling device" as any electronic, electromechanical, or mechanical contrivance that for consideration affords the player an opportunity to obtain anything of value, the award of which is determined solely or partially by chance, even though accompanied by some skill, whether or not the prize is automatically paid by the contrivance. The term further includes, but it is not limited to, gambling device versions of bingo, keno, blackjack, lottery, roulette, video poker, or similar electronic, electromechanical, or mechanical games, or facsimiles thereof, that operate by chance or partially so, that as a result of the play or operation of the game award credits or free games, and that record the number of free games or credits so awarded and the cancellation or removal of the free games or credits. The definition specifically excludes any electric, electromechanical, or mechanical contrivance designed, made, and adapted solely for bona fide amusement purposes if the contrivance rewards the player exclusively with noncash merchandise prizes, toys, or novelties, or a representation of value redeemable for those items, that have a wholesale value available from a single play of the game or device of not more than 10 times the amount charged to play the game or device once or $5, whichever is less.

7.   Defendant Properties are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) because each constitutes or is derived from, in whole or in part, proceeds traceable to specified unlawful activity, including but not limited to violations of the following statute: 18 U.S.C. § 1955 (prohibition of illegal gambling businesses).

8.   This action is also brought to enforce the provision of 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 [of Title 18], or any property traceable to such property."

9.      Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) as real property involved in, or traceable to, money laundering in violation of 18 U.S.C. §§ 1956 and 1957.

## FACTUAL BASIS FOR FORFEITURE

In support of the assertions set out in paragraph IV above, Plaintiff would respectfully refer the Court to the affidavit of HSI Special Agent Phil Chavez attached hereto under seal as Attachment A.  Said affidavit is incorporated herein by reference.

## CONCLUSION

45.     Accordingly, the defendant properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 USC 1956 and 1957(a), and 18 U.S.C. § 981(a)(1)(C), as property constituting or derived from or proceeds traceable to a violation of 18 U.S.C. §1955.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED that if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than 35 days from the date this complaint is sent in accordance with Rule G(4)(b).

An answer or a motion under Fed. R.Civ.P. 12 must be filed no later than 20 days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this complaint.

## PRAYER

WHEREFORE, the United States of America prays:

1. The affidavit setting forth the factual basis underlying the forfeiture action remain under seal for a period of no more than sixty days.

2. Summons issue according to the normal procedure of this Court, citing all persons having an interest in the above-described Defendant Property to appear on the return day of process by filing a claim and answer pursuant to Rule G, Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by the Court;

3. That judgment of forfeiture to the United States be decreed against the Defendant Property; and

4. For costs and such other and further relief to which the United States may be entitled.

Respectfully submitted,

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _/s/Mary Ellen Smyth_____
Mary Ellen Smyth
Assistant United States Attorney
11204 McPherson Road, Suite 100A
Laredo, Texas 78045-6576
Telephone (956) 721-4964